**In re SLIPPERY ROCK FORGING, INC., Debtor.**

**Bankruptcy No. 87–2787.**
**Motion No. 88–6019M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

May 18, 1989.

John P. Vetica, Jr., Pittsburgh, Pa., for debtor.

Lu Ann Datesh, R.F. Wagner, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Citizens Nat. Bank.

Owen W. Katz, Bernstein & Bernstein, Pittsburgh, Pa., for Committee of Unsecured Creditors.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

A Motion for Relief from Stay by Citizens National Bank of Evans City, Pennsylvania, is before the court at this time. Citizens National Bank seeks, among other things, an Order compelling debtor Slippery Rock Forging, Inc. to pay over to it the net proceeds of a settlement of an adversary proceeding between debtor and Quanex Corporation.

The motion will be denied for reasons set forth below.

### I.

The following facts are not in dispute.

Debtor purchased steel bars from Quanex Corporation, which is located in Michigan, on an open account basis. The steel bars were to be used by debtor as raw material in its forging facility located in Slippery Rock, Pennsylvania.

Before they could be forged, however, the steel bars had to be sheared. The bars were shipped in June of 1987 by Quanex at debtor's direction to Advanced Cutting Service in Cleveland, Ohio. The bars never reached Pennsylvania. Quanex repossessed the bars from Advanced Cutting Service in August of 1987 and issued a credit memo to debtor for $40,815.50, the total purchase price of the bars.

On October 13, 1987, approximately two months after Quanex had repossessed the bars, debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. Debtor subsequently brought an adversary proceeding against Quanex in which debtor claimed that Quanex's unilateral recovery of the bars amounted to a preferential transfer. Debtor demanded damages in the amount of $40,815.50.

Debtor and Quanex ultimately reached a settlement of the adversary proceeding. Quanex agreed to pay debtor the sum of $25,000.00.

Citizens National Bank became a creditor of debtor on December 11, 1985. Citizens National Bank and debtor executed a Direct Loan Security Agreement on that date. Citizens National Bank was granted a security interest in certain assets of debtor. Specifically, Citizens National Bank was granted interest in:

> All inventory of the debtor of every description, whether new or hereafter existing or acquired; all accounts, contract rights, and documents of title whether new or hereafter existing or acquired; all chattel paper and instruments, whether now or hereafter existing or acquired, evidencing any obligation to Debtor for payment of goods sold or leased or services rendered; and in all guaranties and other property securing the payment of or performance under any accounts, contract rights, or any such chattel paper or instruments; and all products and proceeds of any of the foregoing.

Citizens National Bank filed UCC–1 financing statements with the Secretary of the Commonwealth of Pennsylvania and the Prothonotary of the Court of Common Pleas of Butler Country, Pennsylvania, where debtor has its principal place of business, in December of 1985. The description in the financing statements of the property of debtor subject to the security interest of Citizens National Bank is identical to the above description contained in the security agreement.

## II.

It is apparent that Citizens National Bank takes the position that it is entitled to the net proceeds of the settlement between Quanex and debtor. Unfortunately, it is not as apparent why Citizens National Bank believes that it is entitled to those proceeds.

Citizens National Bank appears to rely on two arguments, both of which are without merit. Neither supports the inference that Citizens is entitled to the proceeds of the settlement.

A multi-state transaction concerning goods is present in this case. Debtor, a Pennsylvania corporation, purchased steel bars from Quanex, a Michigan corporation, for use at debtor's facility in Pennsylvania. At debtor's direction, Quanex shipped the bars to Ohio for shearing. Before they were shipped to Pennsylvania, however, Quanex repossessed the bars in Ohio and took them back to Michigan.

The basic rule concerning perfection of a security interest in goods involved in multi-state transactions is set forth at 13 Pa.C.S.A. § 9103(a)(2) (Purdon's 1984). It provides that:

> [P]erfection and the effect of perfection or non-perfection of a security interest in collateral are governed by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected.

It is not clear what the "last event" is upon which Citizens National Bank is relying in support of its claim that its security interest in the steel bars had been perfected prior to their being repossessed by Quanex in August of 1987.

The "last event" on which Citizens National Bank's alleged perfection of its security interest in the steel bars was *not* the filing of the UCC–1 financing statements in Pennsylvania in December of 1985. Presumably, this event *antedates* (by more than a year) the manufacturing of the steel bars which were purchased from Quanex. It strains credulity to maintain that the filing of these financial statements was the "last event" to perfect a security interest in goods which had not yet been produced.

It appears that the "last event" in this case, for purposes of 13 Pa.C.S.A. § 9103(a)(2), was the *manufacturing* of the bars *in Michigan.* It therefore follows that the law of *Michigan* determines whether Citizens National Bank's security interest was perfected and, if it was not, the effect thereof.

The law of Michigan on such matters is identical to that of Pennsylvania. Michigan, like Pennsylvania, has adopted the 1972 version of the Uniform Commercial Code.

According to Michigan law, a financing statement must be filed in order to perfect a security interest. *See* Mich.Comp.Laws Ann. 440.9302(1)(a). More precisely Citizens National Bank's security interest in the steel bars had to be filed in the office of the Secretary of State of Michigan in order to be perfected. *See* Mich.Comp. Laws Ann. 440.9401(1)(c). While there is no dispute that Citizens National Bank filed financing statements with the Secretary of the Commonwealth of Pennsylvania and the Prothonotary of the Court of Common Pleas of Butler County, Pennsylvania, there is no evidence of record that Citizens National Bank filed a financing statement with the Secretary of State of Michigan. It therefore follows that Citizens National Bank's security interest in the steel bars was unperfected and that its security interest is subordinate to the rights of lien creditors. *See* Mich.Comp.Laws Ann. 440.-9301(1)(a), (2).

According to Citizens National Bank, once Quanex wrongfully repossessed the bars, debtor was entitled either to replevy them or to receive their equivalent value. Citizens National Bank's second argument is that it is entitled to the net proceeds of the settlement because those proceeds constitute an "account receivable" or a "contract right," in which it had a perfected security interest.

An "account" is defined as:

Any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper, whether or not it has been earned by performance.

13 Pa.C.S.A. § 9106 (Purdon's 1984).

Debtor's adversary proceeding against Quanex does not fall within this definition of "account". Debtor brought suit against Quanex pursuant to 11 U.S.C. § 547(b). According to debtor, Quanex's taking possession of the steel bars from Advanced Cutting Services was a preferential transfer. An action brought under 11 U.S.C. § 547(b) is *not* predicated on a claimed right of a debtor to payment for goods sold or leased or for services rendered.

The same reasoning applies to the contention that the proceeds of the settlement constitute a contract right. The most recent version of the Uniform Commercial Code does not contain a definition of "contract right". The term has been eliminated because it was thought of as an account and has been rendered superfluous by the expanded definition of "account". *See* Official U.C.C. Reasons for 1972 Change, 13 Pa.C.S.A. § 9106 (Purdon's 1984).

There is yet a final, and most compelling reason, why Citizens National Bank's request that debtor be compelled to pay over to it the net proceeds of the settlement between debtor and Quanex must be denied. As has been indicated, the settlement in question was of a cause of action brought against Quanex pursuant to 11 U.S.C. § 547(b). A cause of action is a general intangible. 13 Pa.C.S.A. § 9106 (Purdon's 1984). Neither the security agreement nor the financing statements filed by Citizens National Bank stated that it had a security interest in general intangibles and the proceeds derived therefrom.

An appropriate Order will be issued.